

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

DEC − 6 2017

CLERK, U.S. DISTRICT COURT
By_____
                    Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

LEONA G. CARSWELL,           §
                             §
          Plaintiff,         §
                             §
VS.                          §    NO. 4:17-CV-149-A
                             §
STATE FARM LLOYDS,           §
                             §
          Defendant.         §

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendant, State
Farm Lloyds, for summary judgment. The court, having considered
the motion, the response of plaintiff, Leona G. Carswell, the
reply, the record, the summary judgment evidence, and applicable
authorities, finds that the motion should be granted in part.

I.

## Plaintiff's Claims

Plaintiff's operative pleading is her amended complaint
filed April 13, 2017. Doc.[1] 15. Plaintiff alleges: Plaintiff
purchased a rental dwelling policy from defendant providing
coverage for property located in Fort Worth, Texas. Plaintiff's
property was damaged in a fire caused by a gas explosion on or
about March 19, 2010. Plaintiff used a contractor recommended by
defendant, but the contractor failed to satisfactorily complete
repairs. Plaintiff then undertook to complete the repairs herself

---

[1]The "Doc. __" reference is to the number of the item on the docket in this action.

as a general contractor, but defendant failed to pay her expenses incurred to repair or replace damaged property.

Plaintiff asserts four "claims for relief." First, she sues under the Texas Deceptive Trade Practices-Consumer Protection Act, Tex. Bus. & Com. Code §§ 17.41-.63 ("DTPA"). Second, she sues under the Texas Insurance Code § 541.060. Third, she sues for breach of duty of good faith and fair dealing. And, fourth, she sues for breach of contract.

## II.

### Grounds of the Motion

As best the court can tell, defendant contends that plaintiff cannot prevail on any of her claims.[2] None of the grounds is set forth with clarity and the argument follows a stream of consciousness style, which is difficult to follow. That plaintiff's amended complaint is extremely poorly drafted is not an excuse.

## III.

### Summary Judgment Principles

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense

---

[2]Defendant's motion for summary judgment states that the requirements of Local Civil Rule LR 56.3 are met by including the required matters in its brief. Doc. 40. The brief, however, does not on the first page, under the heading "summary," state concisely the elements of each claim or defense as to which summary judgment is sought. Doc. 41. Plaintiff's response likewise says that the requirements of the rule will be met in her brief, Doc. 46, and her brief is similarly deficient. Doc. 47.

if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); _Anderson v. Liberty Lobby, Inc._, 477 U.S. 242, 247 (1986). The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact. _Celotex Corp. v. Catrett_, 477 U.S. 317, 323, 325 (1986). The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." _Id._ at 323. Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its case. _Id._ at 324; _see also_ Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."). If the evidence identified could not lead a rational trier of fact to find in favor of the nonmoving party as to each essential element of the nonmoving party's case, there is no genuine dispute for trial and summary judgment is appropriate. _Matsushita Elec. Indus. Co. v. Zenith Radio Corp._,

475 U.S. 574, 587, 597 (1986).  In Mississippi Prot. & Advocacy Sys., Inc. v. Cotten, the Fifth Circuit explained:

> Where the record, including affidavits, interrogatories, admissions, and depositions could not, as a whole, lead a rational trier of fact to find for the nonmoving party, there is no issue for trial.

929 F.2d 1054, 1058 (5th Cir. 1991).

The standard for granting a motion for summary judgment is the same as the standard for rendering judgment as a matter of law.[3]  Celotex Corp., 477 U.S. at 323.  If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. Matsushita, 475 U.S. at 597; see also Mississippi Prot. & Advocacy Sys., 929 F.2d at 1058.

IV.

Analysis

A.   Breach of Contract

Defendant initially argued that plaintiff's breach of contract claim (her fourth claim for relief) is barred by limitations. Having considered plaintiff's response, defendant has withdrawn this ground of the motion.

---

[3]In Boeing Co. v. Shipman, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc), the Fifth Circuit explained the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict.

B.    Texas Insurance Code

In her second claim for relief, plaintiff says that defendant violated § 541.060 of the Texas Insurance Code in various respects. Defendant contends that plaintiff cannot prevail on any of these claims, addressing them in the order alleged in the amended complaint.

Plaintiff first says that defendant misrepresented a material fact or policy provision in violation of § 541.060(a)(1) by representing that the policy would repair or replace items with ones of equal value. Specifically, she alleges that defendant "did not meet the standards of the policy" in allowing the initial contractor, Leatherman's, to repair the property with items of lesser quality. Doc. 15 at ¶56.a.[4] Plaintiff was asked about the misrepresentations in her deposition and her testimony is recited in defendant's brief. Doc. 41 at 6. Defendant maintains that plaintiff has no evidence that it misrepresented any material fact or policy provision relating to the coverage at issue, as required by Tex. Ins. Code § 541.060(a)(1).[5] In response, plaintiff cites to her amended complaint, which is not evidence. And, she refers to paragraph 7 of her affidavit, Doc.

---

[4]Plaintiff did not even bother to number the pages of the amended complaint; hence, the court refers to paragraph numbers.

[5]Clearly, the quoted language from plaintiff's deposition does not establish any misrepresentation.

48 at 2, which states that the man who sold her the policy said it was the best policy she could buy and whatever damage occurred, the dwelling would be repaired to its same condition. Of course, general assurances that a policy will be honored are not material misrepresentations under the Insurance Code. <u>Davis v. State Farm Lloyds</u>, No. 3:15-CV-596-B, 2015 WL 4475860, at *5 (N.D. Tex. July 21, 2015). Plaintiff does not cite any evidence to support her misrepresentation claim as to the terms of the policy.

Defendant next addresses the claim (set forth at Doc. 15, ¶ 56.b) that defendant failed to affirm or deny coverage within a reasonable time. Tex. Ins. Code. § 541.060(a)(4). The summary judgment evidence establishes that defendant acknowledged coverage on the date the claim was reported. Plaintiff agrees and does not contest this ground of the motion. Doc. 47 at 8.

Plaintiff's next allegation is that defendant refused to pay a claim without conducting a reasonable investigation, in violation of Tex. Ins. Code § 541.060(a)(7). Doc. 15 at ¶ 56.c. Defendant says there is no evidence to support this allegation. Plaintiff responds that three critical facts must be tried with respect to this cause of action:

> 1. Cindy Fergus spent fifteen minutes investigating the work completed by the Leatherman's prior to determining the final amount of money State Farm would pay to Mrs.

Carswell with respect to her claims (Carswell Aff. ¶ 8, Apx. 2);

2. Dan Wilson failed to consider the exhaustive list of missing items from any previous estimate provided to State Farm (Carswell Aff. ¶ 8, Apx. 2); and

3. Dan Wilson inspected the property with a preconceived decision.

Doc. 47 at 9.

Paragraph 8 of the affidavit to which plaintiff refers reads in its entirety:

8.   "After I fired Leatherman's as the contractor, Ms. Fergus and I met at the property. I was not told the purpose of this meeting, why we were at the house, or what the outcome of the meeting was going to be. It was more than one-hundred (100) degrees that day in July and we spent no more than fifteen minutes in the property breezing through the rooms."

Doc. 48 at 2. Plaintiff also refers to the deposition testimony of Dan Wilson regarding his review of information plaintiff had provided to him in a binder. Doc. 47 at 10; Doc. 48 at 29-30. She then goes on to argue why the investigation was insufficient, but none of the facts argued are supported by summary judgment evidence. That is, she simply has not cited summary judgment evidence to support her contention that there is any genuine fact issue to be tried with regard to the investigation conducted by defendant.

The final aspect of plaintiff's second claim for relief is that defendant failed to promptly provide a reasonable explanation for its denial of a claim, in violation of Tex. Ins.

Code § 541.060(a)(3). Doc. 15 at ¶ 56.d. Defendant argues that it did not deny plaintiff's claim and has paid what it determined was owed. Further, plaintiff has no evidence to support this claim. Doc. 41 at 9-10. In response, plaintiff cites only to her affidavit, which states:

> I would email Cindy Fergus invoices and estimates and it would be weeks, sometimes a full month before I would get a response stating she was looking into it and then I would never receive payment or explanation as to why no payment was being sent.

Doc. 48 at 3. However, plaintiff has also included summary judgment evidence that defendant never denied her claim. Doc. 48 at 35. See also id. at 14, 16 (showing payments from defendant to plaintiff after she retained an attorney). The parties do not dispute that defendant made substantial payments to or on behalf of plaintiff for repairs by Leatherman's and others. Plaintiff has not shown that a genuine fact issue exists as to this part of her claim under the Insurance Code.

C.   Good Faith and Fair Dealing

Plaintiff's third claim for relief is for breach of duty of good faith and fair dealing. The sole basis for this claim is that:

> Dan Wilson at the time of the walk through at the house personally saw the condition of the home and knew the condition it was in; he knew the house was not completed to where Plaintiff could resume using the home for its intended purpose. Dan Wilson intentionally ignored his obligation to fulfill the Policy

requirements to repair and replace the necessary items
to return the home to its original state.

Doc. 15 at ¶ 61.b. The only other allegations regarding the walk

through are contained in paragraphs 38-41 of the amended

complaint:

> 38. Dan Wilson attended a walk-through at the Property,
> where both Plaintiff and her counsel were present, in
> an attempt to make a new estimate for work remaining
> for the project to be complete on March 19, 2015.
> 39. Aside from adding budget items for profit and
> overhead due to Plaintiff in her capacity as general
> contractor--Wilson did not modify the report for work
> needed or materials required to complete the project.
> 40. On May 12, 2015, Mr. Wilson sent a response letter
> to Plaintiff with one check for $13,014.50, and another
> check for $8,722.21.
> 41. These checks were not an amount sufficient for
> Plaintiff to complete the project.

Doc. 15 at ¶¶ 38-41. The court is not satisfied that these

allegations are sufficient to state a plausible claim for breach

of duty of good faith and fair dealing. Nevertheless, at this

point, the issue is whether plaintiff can establish that there is

a genuine issue for trial as to this claim.

Defendant says that plaintiff has no evidence to show that

defendant failed to attempt in good faith to effectuate a prompt,

fair, and equitable settlement of a claim after its liability had

become reasonably clear. Progressive County Mut. Ins. Co. v.

Boyd, 177 S.W.3d 919, 922 (Tex. 2005). Nor can she show that

defendant failed to conduct a reasonable investigation. Id. The

court agrees. Plaintiff has not pointed to any summary judgment

evidence that suggests that defendant examined plaintiff's claims "through a preconceived lens" as she suggests. Doc. 47 at 15. Plaintiff admits that defendant was still writing plaintiff checks in 2015. Id. Although the date of loss was in 2010, plaintiff has not presented any evidence that defendant did not act in good faith and deal fairly with plaintiff.

For example, plaintiff refers to the conclusory statement in her affidavit that she would email Cindy Fergus invoices and estimates and it would be weeks before she would get a response and then she would never receive payment or an explanation for why no payment was being sent. Doc. 48 at 3, ¶ 9. The actual emails (although undated) reflect that Ms. Fergus had been sick, id. at 7, and that she had moved offices and everything had been turned upside down, id. at 9. An email from Ms. Fergus reflects that she is submitting a request for additional payments and will call to review. Id. at 11. The testimony of Mr. Wilson (trying to answer the extraordinarily convoluted questions of plaintiff's counsel) was that if the contractor plaintiff chose did not do the work properly, plaintiff should address the matter with the contractor. Doc. 48 at 33.

Plaintiff testified that she has no idea how much of her own money she had spent in connection with the repairs to the property and that she did not keep any kind of accounting. Doc.

42 at 90. Any contracts she had with vendors were verbal; she paid in cash and does not know if any bank records would substantiate the amounts she allegedly withdrew. Id. at 95-97, 98-99. She testified about numerous upgrades and changes she made to the property in the process of rebuilding that would not have been reimbursed under the policy. See, e.g., Doc. 42 at 48-49, 51-53, 60, 65, 67-68, 73-74. In light of this testimony, it is difficult to imagine how defendant acted in bad faith. But, in any event, plaintiff has not come forward with summary judgment evidence to raise a genuine fact issue as to bad faith.

C.    DTPA

Plaintiff admits that her DTPA claim is dependent upon establishing violations of the Texas Insurance Code. Doc. 47 at 16-17. Plaintiff has not raised a genuine fact issue as to such violations. Accordingly, defendant is entitled to judgment as to the DTPA claim.

D.    Other Arguments[6]

The bulk of the remainder of the brief in support of defendant's summary judgment motion addresses damages and miscellaneous matters that do not need to be considered in light of the previous discussion. As to the "concealment or fraud"

---

[6]The court also notes that defendant filed objections to the affidavit of plaintiff. Doc. 50. The court is giving the summary judgment evidence whatever weight it deserves.

11

argument, defendant has not established that the policy is void due to intentional concealment or misrepresentation by plaintiff.

V.

Order

The court ORDERS that defendant's motion for summary judgment be, and is hereby, granted in part; that plaintiff take nothing on her claims against defendant for violations of the Texas Insurance Code, DTPA, and bad faith; and, that such claims be, and are hereby, dismissed.

The court further ORDERS that the motion be, and is hereby, otherwise denied.

SIGNED December 6, 2017.

_____
JOHN McBRYDE
United States District Judge